495 S.E.2d 271

**STATE of West Virginia ex rel. CITY OF WESTON, a Municipal Corporation, Petitioner,**

**v.**

**Honorable Thomas A. BEDELL, Judge of the Circuit Court of Harrison County, the Town of Anmoore, a Municipal Corporation, and David L. Curtis, Respondents.**

No. 24183.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1997.

Decided Oct. 3, 1997.

Steven P. McGowan, Amy M. Smith, Steptoe & Johnson, Clarksburg, for Petitioner.

Robert M. Morris, Weston, for David L. Curtis.

Katherine M. Carpenter, David C. Glover, Waters, Warner & Harris, Clarksburg, for The Honorable Thomas A. Bedell and the Town of Anmoore.

PER CURIAM: [1]

■ This is an original jurisdiction proceeding. The petitioner, City of Weston, asks this Court to prohibit the Honorable Thomas A. Bedell of the Circuit Court of Harrison County, respondent, from proceeding further in a civil action naming the petitioner as a defendant.[2]

I.

This matter arises out of an underlying civil action brought against the petitioner and David L. Curtis by the Town of Anmoore. The complaint in the civil action alleges that the Town of Anmoore and Mr. Curtis executed an agreement on November 11, 1995. The agreement obligated Mr. Curtis to be a police officer for the Town of Anmoore for one year. The Town of Anmoore incurred expenses in having Mr. Curtis trained at the State Police Academy.[3] Mr. Curtis graduated from the academy on December 15, 1995. Prior to starting work as a police officer with the Town of Anmoore, he was hired as a police officer by the petitioner. The Town of Anmoore filed an action against the petitioner, alleging tortious interference with an employment contract and unjust enrichment.[4] The civil action was filed in the Circuit Court of Harrison County. The petitioner moved the circuit court to dismiss or transfer the civil action to Lewis County, on the grounds of improper venue. The circuit court denied the motion. The petitioner has invoked this Court's original jurisdiction seeking an order prohibiting the circuit court from proceeding further in the underlying action, and directing the circuit court to dismiss the action against it or transfer the matter to Lewis County.

II.

■ We set out the standard for reviewing a request for a writ of prohibition in syllabus point 12 of *Glover v. Narick*, 184 W.Va. 381, 400 S.E.2d 816 (1990):

In determining whether to grant a rule to show cause in prohibition when a court

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

2. The petitioner also named as respondents in this matter the Town of Anmoore and David L. Curtis. The Town of Anmoore filed a joint response with Judge Bedell. Mr. Curtis filed a response in which he does not oppose the relief requested by the petitioner.

3. The training occurred between the period September 5, 1995 through December 15, 1995.

4. The claim against Mr. Curtis was for breach of contract and unjust enrichment.

is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance. Syllabus Point 1, *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979).

The record in this case is insufficiently developed for this Court to determine whether a substantial, clear-cut legal error has occurred, therefore the writ prayed for must be denied.[5]

Writ Denied.

---

5. The petitioner is not precluded from bringing this matter back before this Court on a properly developed record and as an appeal from a final judgment order.